FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 MAY 18 AM 11:51

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 94-97 |
| DANA HICKS | SECTION "F"(3) |

## REPORT AND RECOMMENDATION

This matter was referred to the Magistrate Judge for issuance of a Report and Recommendation for determination of whether the defendant's late filing of notice of appeal was due to excusable neglect or good cause.[1] The directive resulted from the order issued by the United States Fifth Circuit Court of Appeals on January 15, 2009, remanding this matter to the District Court to make such a determination from the prison mail logs or other evidence and return the matter to that Court for further proceedings.[2] The defendant, Dana Hicks ("Hicks") is a *pro se* prisoner, who availed himself of the inmate institutional mail for purposes of filing the Notice of Appeal[3] at issue, filed one day late. The district court's order denying Hicks' § 3582(c)(2) motion for reduction

---

[1] Rec. Doc. No. 328.

[2] Rec. Doc. No. 326.

[3] Rec. Doc. No. 308.

___ Fee_____
___ Process____
_X_ Dktd_____
_✓_ CtRmDep___
___ Doc. No.___

of sentence re crack cocaine was entered on June 2, 2008.[4] Plaintiff's *pro se* Notice of Appeal is dated June 17, 2008. The Federal Correctional Center (Coleman, Florida) – where Hicks is incarcerated – postmarked the envelope with the date of June 18, 2008.[5] The notice of appeal was received by the United States District Court for the Eastern District of Louisiana on June 20, 2008.[6]

It is undisputed that the Defendant's Notice of Appeal would be considered timely if it were filed on or before June 16, 2009.[7] The "mailbox rule" applies to Hicks' notice of appeal; thus should be deemed filed as of the date that he entrusted same to prison authorities for mailing – *i.e.*, June 17, 2008 which is only one day past the 10 day time limit that expired on June 16, 2008. Under the "mailbox rule," the defendant's Notice of Appeal is constructively filed when the papers were delivered to prison authorities, which was June 17, 2008 and, *at the latest*, the date it was postmarked (June 18, 2008).

Pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, a defendant's notice of appeal must be filed within ten days of the entry of judgment. A district court may, however, upon a finding of excusable neglect or good cause, extend the time to file a notice of appeal for a period not to exceed thirty days from the time otherwise prescribed by Rule 4(b)(1)(A). Fed. R. App. P. 4(b)(4).

The Court then must determine whether excusable neglect is present and would warrant permitting Defendant's untimely notice of appeal. In determining the presence of excusable neglect

---

[4] Rec. Doc. No. 305 (entered June 2, 2008/effective June 12, 2008).

[5] Rec. Doc. No. 308.

[6] Rec. Doc. No. 308 (USDC/EDLA date stamp January 20, 2008).

[7] See Government's Motion to Dismiss Appeal at p. 4; Defendant's Opposition to Motion to Dismiss at p. 2.

a court should take account of all relevant circumstances including the possible prejudice to the late filer, the length of the delay and the impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993).

In *United States v. Clark*, 51 F.3d 42 (5th Cir.1995), the Fifth Circuit noted:

> In *Pioneer*, the Supreme Court flexibly interpreted the excusable neglect standard.... The Court rejected the argument that excusable neglect was limited to errors caused by circumstances beyond the late-filing party's control, concluding that the concept of neglect is "somewhat elastic " and may include "inadvertent delays.".... In determining whether a party's neglect is excusable, the Court emphasized the equitable nature of the inquiry, which takes into account the following circumstances:
> > 'the danger of prejudice ... the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'
>
> The Court then found excusable neglect because the late-filing party's failure to meet the deadline was attributable at least in part to a "dramatic ambiguity" in the bankruptcy court's peculiar, misleading, and inconspicuous notification of the bar date. (emphasis added)

*Id.* at 43-44. The Fifth Circuit has characterized the "good cause" standard of FRAP 4(b) as "more lenient" than the "excusable neglect" component of the Rule. *Allied Steel v. City of Abilene*, 909 F.2d 139, 143 n.3 (5th Cir.1990).

Applying the foregoing standards to the facts established by the record in this case, the undersigned can only conclude that the one day delay in filing his notice of appeal, coupled with the fact that notice of the district court's June 2, 2008 order denying defendant's § 3582(c)(2) motion for reduction of sentence, was never issued to Hicks by the Clerk's automated mailing system.[8]

---

[8] Rec. Doc. No. 305 (entered June 2, 2008/effective June 12, 2008); *See also* Notice of Electronic/Mail Delivery attached as Court Exh. "A" (noting electronic notice or notice by other means was issued to Roma A. Kent, Rudy W. Gorrell, Kevin Miles, Catherine J. Smith and Walter Turner – all of whom had been "Terminated" – ***but not to Dana Hicks***).

On February 25, 2008, the chief judge of this court issued a general order entitled "In re: Retroactive Application of November 1, 2007 Amendment to Crack Offense Level Guidelines." The order appointed the Federal Public Defender of this district "to represent any defendant who has filed a pro se motion for reduction of sentence under the amended Federal Sentencing Guidelines for cocaine base offenses." Since Hicks had already filed such a motion *pro se*, Record Doc. No. 304, the court's general order applied to him and was entered in the record of the captioned case on the on the same day the order denying his application for sentence reduction issued – *i.e.*, June 2, 2009. Record Doc. No. 307. Hicks was not the only defendant affected by the order.

In *U.S. v. Steward*, 2009 WL 1076691 (E. D. La. Apr. 16, 2009) (Englehardt, J.), the Court explained the confusion generated by this *global* order appointing counsel for a multitude of unnamed incarcerated applicants. "The effect of the order was that the relatively small public defender's office in this district was inundated with the representation of hundreds of movants like Steward." *Id.*

This case presents even more confounding facts than presented in *Steward, supra*. Indeed, unlike the case in *Steward*, Hicks was not even mailed a copy of the court's order appointing counsel and thus was not notified contemporaneously of either the order denying his motion for relief or the order appointing counsel. This Court's liaison with the Federal Public Defenders Office indicates that it in turn "snail-mailed" (*i.e.*, U.S. Postal Service) a copy of the Court's June 2, 2008 to the plaintiff which was received by Hicks on June 10, 2008. Defendant took immediate action himself and in fact confected his notice, which was deemed filed (according to the mailbox rule) only one day late.

In this case, there are compelling reasons for finding excusable neglect and/or good cause. The failure of Hicks to act timely on his own behalf was excusable for two reasons. First, he could reasonably anticipate that appointed counsel would act for him because he was incarcerated in Florida. Second, the record in this case indicates that delays in fact occurred because of the failure in the Clerk's automated transmission of notice to Hicks and the delivery of said notice to defendant routed through the overburdened Federal Public Defenders office. There was no notice routed *by any means* directly to Hicks.

Although nothing in the record establishes exactly when Hicks actually received this court's appealable order concerning his motion for sentence reduction, it is more probable than not that the Federal Public Defender's Office and the defendant (who was incarcerated out-of-state in Florida) both acted with due haste. Under the circumstances, Hicks' actions on his own behalf were prompt, and his slight delay beyond the putative Rule 4 deadline (*one day*) was excusable and for good cause.

The failure of the federal public defender to timely file a notice of appeal for defendant is also excusable. In *Steward, supra*, the Court observed:

> [T]he Office of the Federal Public Defender was appointed to represent over 500 federal prisoners who were identified as potentially eligible for the retroactive crack reduction. Steward's case was reviewed on April 3, 2008, barely one month into the review process. The crack review team was averaging review and presentation of approximately 30 cases per week at that time. However, due to Steward's incarceration in Montgomery, Alabama, the sheer number of crack defendants, and the swiftness of the crack procedure adopted by this district, undersigned counsel had no contact with Steward and was unaware of his desire to appeal. Hence, counsel notified Steward of the court's decision by mail but did not file a notice of appeal. After receiving notice of the court's order, Steward promptly filed a pro se notice of appeal.

*U.S. v. Steward*, 2009 WL 1076691 (E. D. La. Apr. 16, 2009) (Englehardt, J.). The court further noted that the office of the defender was buried by this court's order, necessitated by the retroactive

5

sentencing guidelines amendments, in an avalanche of appointed representation of hundreds of defendants in far-flung locations distant from this district, all under tight, court-supervised time constraints. *Id.*

Evaluation of the *Pioneer* factors militates in favor of a finding of excusable neglect or good cause under Fed. R.App. 4(b)(4). The danger of prejudice to the United States in permitting the extension in this case (one day) is nil to none, while the prejudice to defendant in denying the extension is substantial. The length of the delay was *de minimis*, with an equally slight impact on these judicial proceedings. The reasons for the delay include the inundation of the Federal Public Defender's Office caused by the retroactive amendment of the crack sentencing guidelines, this court's wide-ranging appointment of counsel order, defendant's incarceration at a prison facility in Florida far from appointed counsel, and demonstrable delays in the internal mail transmission system within the prison itself recognized by the mailbox rule, none of which were within Hicks' control. Clearly, Hicks and his appointed counsel acted in *good faith*.

## RECOMMENDATION

Defendant's *barely* untimely appeal should be excused. For all of the foregoing reasons, it is RECOMMENDED that this court find good cause and/or excusable neglect for the untimely appeal, such that Hicks' appeal may be addressed on its merits.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).

New Orleans, Louisiana, this <u>18th</u> day of May, 2009.

                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**